NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0239n.06

Case No. 23-5884

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT CARROLL, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **FILED** |
| | ) | Jun 05, 2024 |
| v. | ) | KELLY L. STEPHENS, Clerk |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TROY YOUNG, *et al.*, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendants-Appellees. | ) | |
| | ) | OPINION |

Before:  BATCHELDER, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  In response to a 911 call claiming an ongoing rape, the City of Russell Springs Police Department dispatched Officer Troy Young to the scene.  When Officer Young arrived, four women were waiting for him in the parking lot of an apartment building—one was the victim who was hysterical, crying and screaming, "he raped me!"  The other three women claimed to have witnessed the rape in progress when they entered the victim's apartment after hearing her screams.   At the victim's direction, Officer Young went to her apartment where he found Robert Carroll (the accused rapist) exiting.  Each of the four women hand wrote and signed a statement of their eyewitness accounts of the rape.  Officer Young arrested Carroll, took him to a hospital for collection of a rape test kit, and provided his evidence to the prosecutor and the grand jury, which indicted Carroll for first degree rape.

At trial, the jury acquitted Carroll.  So, Carroll sued Officer Young and the City, raising federal and state law causes of action.  Following discovery, the defendants moved for summary judgment.  In a thorough and detailed opinion, the district court held that Carroll's claims of a due process violation, supervisory liability, failure to intervene, and state law abuse of process were

all time-barred; his *Brady* claim failed because he was acquitted; he failed to present evidence to support his fabrication-of-evidence, malicious-prosecution, supervisory-liability or failure-to-intervene claims; and Officer Young was entitled to qualified immunity. *See Carroll v. Young*, No. 1:19-cv-153, 2023 WL 6151233 (W.D. Ky. Sept. 20, 2023). Carroll appeals.

After carefully reviewing the law, the parties' arguments, and the record evidence, we conclude that the district court correctly assessed the evidence and correctly applied the law to that evidence. The issuance of a full written opinion by this court would serve no jurisprudential purpose. Accordingly, for the reasons stated in the district court's opinions, we **AFFIRM**.